879 So.2d 452 (2004)
Timothy WARD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00012-COA.
Court of Appeals of Mississippi.
December 16, 2003.
Rehearing Denied April 6, 2004.
Certiorari Denied August 5, 2004.
*453 Timothy Ward, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. In September 1999, Timothy Wayne Ward pled guilty to abuse of a vulnerable adult in Harrison County. The adult was his mother. Ward's petition for post-conviction relief was denied. We agree with *454 the trial judge that the petition to plead guilty and other evidence was sufficient to consider Ward's claims. We affirm.
¶ 2. Timothy Ward's mother was apparently suffering from advanced Alzheimer's disease. The charge was that Ward wilfully inflicted physical pain upon her by binding, gagging, and leaving her physically restrained. See Miss.Code Ann. § 43-47-19 (Rev.2000). He received a fifteen year sentence. In March 2002, Ward filed for post-conviction relief claiming that he was not advised of the minimum and maximum sentence for his crime, and that he was sentenced under the wrong statute. He also asserted that his attorney provided ineffective assistance, including that the attorney advised him that he would not receive more than a one year sentence.
¶ 3. Ward requested but was denied a free copy of the transcript from the plea hearing. After a review of the petition and attached documents, the circuit judge denied any relief.

DISCUSSION

1. Voluntariness of the guilty plea
¶ 4. Ward first argues that his guilty plea was not voluntary. There is a procedure to be followed by the trial judge in taking a guilty plea, which is outlined in a uniform court rule:
Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
URCCC 8.04(3). Ward claims that his attorney advised him that he would receive a one year sentence. He further claims that neither the court nor his attorney advised him of the sentence range of his crime, which was from no incarceration up to twenty years. Ward was given a fifteen year sentence. He now argues that if he had known that this was a possible sentence, he would have chosen to go to trial. Ward asserts that the plea hearing transcript would verify this.
¶ 5. The trial judge did not order a transcript prepared from the plea hearing. Instead, relying on the petition that Ward had submitted in 1999 informing the court that he wished to plead guilty, the judge found that Ward's plea was knowingly and voluntarily made. The petition revealed that there was no sentencing recommendation, and that Ward understood that the court could assess any sentence up to twenty years. The judge concluded that Ward's claims that his lawyer induced him into entering a guilty plea based on the fact that Ward would receive no more than a one year sentence were unsupportable based on the plea petition.
¶ 6. When a trial court has denied a petition for post-conviction relief, this Court will examine whether the denial is clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss.1999). The trial judge's obligation is to review the "original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack," in order to resolve the merits of the allegations. Miss.Code Ann. § 99-39-11(1) (Rev.2000). The judge here determined that the information in the guilty plea petition was sufficient to determine the merits.
¶ 7. Ward made no allegation of what a transcript would show except that it was necessary to support the claims made in his motion for post-conviction relief. There is no automatic right to a transcript. There must be "good cause." *455 If a prisoner has filed a proper motion pursuant to the post-conviction relief act, and if the "motion has withstood summary dismissal under 99-39-11(2), [he] may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge." Fleming v. State, 553 So.2d 505, 506 (Miss.1989). The trial judge determined that summary dismissal was appropriate and no transcript would therefore be ordered.
¶ 8. The post-conviction relief statutes, as just discussed, envision that a transcript will not be needed in every instance in which a post-conviction petition claim is made of a defect in the guilty plea hearing. We have discovered numerous precedents in which the Supreme Court has relied at least in part on the guilty plea petition to support the denial of a post-conviction relief petition. See, e.g., Harris v. State, 757 So.2d 195, 200 (Miss.2000) (Harris's guilty plea petition enumerated the rights which Harris was forfeiting; the petition and the remainder of the record supported that the plea was intelligently and voluntarily given); Jones v. State, 747 So.2d 249, 251 (Miss.1999) (Jones offers nothing to support his claim that he was on medication when he pled; in his plea petition, Jones asserted that he was not under the influence of drugs).
¶ 9. Since a transcript may not be necessary, we examine the allegations and the record to resolve whether a summary dismissal was appropriate. The claim is that Ward's plea was not knowing and voluntary. A plea is considered "voluntary and intelligent" if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The petition fully enumerates the rights that Ward would waive upon signing the plea. We find no defect in that explanation.
¶ 10. Importantly, since Ward claims he was not informed of the minimum and maximum sentence, the petition actually did explain the range: "I know that if I plead "GUILTY" to this charge (these charges), the possible sentence is a minimum of -0- to a maximum of 20 years imprisonment and/or a fine of a minimum of -0- to a maximum of $10,000." This petition was signed and sworn to by Ward.
¶ 11. The petition contradicts what Ward now claims. "Great weight is given to statements made under oath and in open court during sentencing." Gable v. State, 748 So.2d 703, 706 (Miss.1999). The plea petition was not an oral statement in open court, but it was a sworn document presumptively prepared with an appreciation of its fateful consequences. The plea petition, similarly to statements in open court, may be used to discredit post-plea allegations.

2. Ineffective assistance of counsel
¶ 12. Ward pled guilty to abuse of a vulnerable adult. The statute has been revised since the date that Ward was accused of committing abuse. See Miss. Code Ann. § 43-47-19 (Supp.2003). The statute as it applied to Ward provided a misdemeanor would have occurred if the accused "willfully commits an act or omits the performance of any duty, which act or omission contributes to, tends to contribute to or results in the abuse, neglect or exploitation of any vulnerable adult." Miss.Code Ann. § 43-47-19(2) (Rev.2000), as enacted 1990 Miss. Laws ch. 493, § 6. However, a "person who willfully inflicts physical pain or injury" upon the victim would be guilty of a felony. Miss.Code Ann. § 43-47-19(3) (Rev.2000), as enacted 1990 Miss. Laws ch. 493, § 6.
*456 ¶ 13. Ward argues that his victim suffered no injury and that he should have only been charged with a misdemeanor. Ward relies on an investigator's report that is in the record, which reveals that after being examined at a hospital, Ward's mother was found to be suffering no injuries. The statute does not require that an injury occur for the felony to be committed. If Ward "willfully inflict[ed] physical pain" on his mother, that would constitute felony abuse as well. This same investigator's report indicated that deputies from the sheriff's department found that doors off a hallway at the Ward home had been tied shut with bungee cords. When one door was finally opened, the investigators found Ward's mother "lying on her back with feet bound together. Hands bound behind her back, a jacket which had been applied as a straight jacket, and her mouth gagged."
¶ 14. The investigator's report does not mention whether Mrs. Ward was in pain. However, the plea petition contained an explanation of the crime to which Ward swore its accuracy. Ward said that his acts did constitute "willfully inflicting pain and injury" upon his mother, "by binding and gagging" her and then leaving her restrained in the house.
¶ 15. This statement in the plea petition is the equivalent of a statement in open court by Ward himself or by someone else, to which Ward then indicates his agreement. Transcribing the reporter's notes from the hearing would not have added to the trial court's knowledge of what Ward had agreed was the result of his actions against his mother. That pain resulted from these acts certainly is a reasonable inference. Ward's agreement that he caused pain is supported by the facts of the crime.
¶ 16. Ward was properly found guilty of felony abuse of a vulnerable adult. Despite his protests now, the guilty plea petition stated that he was pleading guilty to the felony, that he had willfully inflicted pain on his mother, and that the possible sentence that would result from the acceptance of his plea could be as much as twenty years imprisonment. That definitely was the felony and not the misdemeanor.
¶ 17. Included with Ward's guilty plea petition was a statement signed by Ward's attorney. It revealed that his attorney had explained to him the allegations of the indictment and the minimum and maximum penalties. In the attorney's opinion, Ward was making the plea knowingly and voluntarily. Ward has not shown that he was given ineffective assistance of counsel. Some of the claimed ineffectiveness concerns the issues we have already discussed, such as he should have been convicted of the misdemeanor instead of the felony. Ward also alleged ineffectiveness arising from his attorney's "failure to confer, or schedule any pretrial conferences to keep appellant advised of any communications between counsel and prosecuting authorities or any new developments concerning the case involved." Ward offers nothing in support of these allegations and his guilty plea petition demonstrates otherwise. There was no error in denying post-conviction relief.
¶ 18. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.