956 So.2d 1088 (2007)
GregorY DUNLAP, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00294-CGA.
Court of Appeals of Mississippi.
May 22, 2007.
Gregory Dunlap, appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Gregory Dunlap was convicted of the sale of cocaine pursuant to a guilty plea on July 18, 2005. He filed a post-conviction *1090 relief motion pro se, which was denied by the trial court. On appeal, Dunlap asserts the following issues:
I. WHETHER DUNLAP'S GUILTY PLEA WAS INVOLUNTARY OR UNKNOWING DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
II. WHETHER THE INDICTMENT WAS DEFECTIVE.
¶ 2. Finding no error, we affirm the trial court's decision.

FACTS
¶ 3. Gregory Dunlap sold 0.21 grams of cocaine for $20 to a confidential informant for the Mississippi Bureau of Narcotics on March 31, 2004, in West Point, Mississippi. The informant was wired and an audio and videotape were made of the transaction. Dunlap was subsequently arrested for the sale of cocaine.
¶ 4. On July 18, 2005, Dunlap filed a sworn petition with the court to enter a guilty plea to one count of the sale of cocaine pursuant to Mississippi Code Annotated Section 41-29-139 (Rev.2004). The petition stated that Dunlap understood the sentencing guidelines to range from zero to thirty years and that his offer was given freely and voluntarily. The petition also stated that Dunlap was satisfied with the assistance provided to him by his legal counsel. Dunlap has an eleventh grade education and a G.E.D.
¶ 5. Upon recommendation from the State, Dunlap was sentenced to twelve years in the custody of the Mississippi Department of Corrections, with five years of post-release supervision and a $5,000 fine. The State also agreed not to prosecute a pending charge for the sale of cocaine against Dunlap that allegedly occurred on December 1, 2004. Dunlap had previously been convicted of selling cocaine in Clay County in 1999.
¶ 6. Dunlap filed a motion for post-conviction relief (PCR), claiming that his guilty plea was given unknowingly and involuntarily due to ineffective assistance of counsel. Dunlap argued that his lawyer did not inform him of the charges against him or of the consequences of pleading guilty to selling cocaine. He also asserted that his lawyer was deficient by not objecting to the indictment, which did not specify the price and weight of the cocaine. The trial court denied the PCR without a hearing, finding that the weight of a controlled substance was only an essential element of the offense in possession cases and not for the sale of cocaine. In addition, the court found that Dunlap was aware of the charge of the sale of cocaine because it was stated in his indictment and also included in his signed and sworn guilty plea petition.

STANDARD OF REVIEW
¶ 7. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss. 1999)).

LAW AND ANALYSIS
I. WHETHER DUNLAP'S GUILTY PLEA WAS INVOLUNTARY AND UNKNOWING DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 8. Dunlap argues that his guilty plea was involuntarily and unknowingly made due to ineffective assistance of counsel. He claims that his attorney did not alert him of any available defenses, such as a faulty indictment, and persuaded him to take a guilty plea which required more prison time than that allowed by the statutory guidelines.
*1091 ¶ 9. The standard to be applied to an ineffective assistance of counsel claim was set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and is followed by this Court. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, the defendant bears the burden of proof that (1) counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Id. We look at the totality of the circumstances in determining whether counsel was effective. Id. There is a strong but rebuttable presumption that counsel's performance fell within the wide range of reasonable professional assistance. Id.
A. Faulty Indictment
¶ 10. Dunlap claims that the indictment was insufficient because it did not include the weight and price of the cocaine sold, which he maintains are essential elements of the crime. Because his attorney did not alert him of the deficiency, Dunlap argues that he was denied due process rights and effective assistance of counsel. We disagree.
¶ 11. The plain language of the statute does not include weight and price of the substance as essential elements of the crime. Dunlap was indicted under Section 41-29-139 of the Mississippi Code Annotated, of which part (a)(1) states, "it is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance." As the language of the statute makes clear, a person is guilty of sale of a controlled substance if he "knowingly or intentionally . . . sells . . . a controlled substance." Id. Neither weight nor price are elements of the crime.
¶ 12. The indictment against Dunlap states in relevant part that "Gregory Dunlap . . . did unlawfully, wilfully, and feloniously, knowingly and intentionally sell a controlled substance, to wit: COCAINE, . . . for and in consideration of money, in violation of MCA § 41-29-139. . . ." Therefore, the indictment sufficiently stated the elements of the crime of sale of a controlled substance. Accordingly, Dunlap has failed to show his counsel's performance was defective, and this assignment of error is without merit.
B. Sentence Beyond Statutory Maximum
¶ 13. Dunlap further asserts that his counsel was ineffective by allowing him to plead to a sentence which went beyond the statutory maximum allowed for the crime. In his petition to plead guilty, Dunlap agreed to a twelve year sentence, with five years of post-release supervision and a $5,000 fine. Dunlap admits that his attorney informed him that under the sentencing guidelines provided by Section 41-29-139(b)(1), he could have received up to thirty years in prison for selling cocaine. However, he claims that because the weight of the cocaine was under two grams, he should have been informed of the sentence pertaining to Section 41-29-139(c)(1)(B), which renders a maximum of eight years in prison. We find that the plain language of the applicable statute does not support Dunlap's argument.
¶ 14. Section 41-29-139(b)(1) refers to sentencing guidelines for the sale of cocaine, whereby a person convicted may be imprisoned for no more than thirty years and shall be fined no less than $5,000 and no more than $1 million. Section 41-29-139(c)(1)(B) contains sentencing guidelines for the possession of cocaine, for which a person convicted may serve no less than two years nor more than eight years in prison and receive a fine of not more than *1092 $50,000. Dunlap sold cocaine to a confidential informant for the Mississippi Bureau of Narcotics. The sale was captured on video and audiotape and several narcotics officers witnessed the transaction. Dunlap was thereafter indicted for the sale of cocaine. Pursuant to his guilty plea, the trial court sentenced Dunlap to twelve years imprisonment, with five years of post-release supervision and a fine of $5,000. This sentence is well within the guidelines provided by Section 41-29-139(b)(1). Therefore, we find Dunlap's argument to be without merit.
C. Knowing and Voluntary Guilty Plea
¶ 15. Dunlap claims that due to the alleged faulty indictment and sentencing errors, his guilty plea was made involuntarily and unknowingly. A plea is considered "voluntary and intelligent" if "the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea." Ward v. State, 879 So.2d 452, 455(¶ 9) (Miss.Ct.App. 2003) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)). We will not disturb a lower court's findings on the voluntariness of a guilty plea unless they are clearly erroneous. Stevenson v. State, 798 So.2d 599, 602(¶ 7) (Miss.Ct.App.2001).
¶ 16. The trial court found from Dunlap's guilty plea petition that he had entered a knowing and voluntary plea. See Ward, 879 So.2d at 454-55(¶ 7). This finding was not clearly erroneous. In his brief, Dunlap argues that his attorney failed to apprise him of possible defenses to his case, and that he was "tricked" into believing he would receive thirty years in prison if he did not plead guilty. However, Dunlap stated in his sworn and signed guilty plea petition that he understood the charges against him and the consequences of pleading guilty. Dunlap asserted that he was not coerced into pleading guilty and that he was satisfied with his attorney's assistance. Further, Dunlap acknowledged that the maximum sentence for the crime was thirty years. And, Dunlap agreed that the prosecution would recommend a reduced sentence and would drop a pending drug charge in exchange for his guilty plea. Dunlap further admits that his attorney advised him that if the case was taken to trial, he could have received thirty years in prison pursuant to the statute.
¶ 17. We observe that, considering the fact that the State had an audio and videotape of the purported sale, as well as several witnesses to the transaction, Dunlap was well-advised to accept the plea. Dunlap was also facing another drug sale charge from December 2004 which the State agreed to drop in exchange for the guilty plea from the March 2004 incident, and he had a prior conviction for selling cocaine in 1999. We find nothing in the record to indicate that Dunlap's guilty plea was given involuntarily or unknowingly. Accordingly, we find all of Dunlap's assertions of ineffective assistance of counsel to be without merit.
II. WHETHER THE INDICTMENT WAS DEFECTIVE.
¶ 18. Dunlap argues that his indictment was defective because it did not contain the weight and price of the cocaine sold. As we stated above, neither the weight nor the price of the substance are required elements under Section 41-29-139. Therefore, this argument is also without merit, and we affirm the decision of the lower court to deny post-conviction relief.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
*1093 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.