991 So.2d 1231 (2008)
Willie Lee MADDEN, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00235-COA.
Court of Appeals of Mississippi.
February 19, 2008.
Rehearing Denied June 24, 2008.
Certiorari Denied October 9, 2008.
*1233 Willie Lee Madden, Jr., pro se.
Office of the Attorney General by Deshun Terrell Martin, attorney for appellee.
Before MYERS, P.J., IRVING, GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Willie Lee Madden, Jr., appeals the denial of his motion for post-conviction collateral relief. He asserts that: (1) he is entitled to receive a free copy of his plea hearing transcript, (2) his guilty plea was not voluntarily or intelligently entered, (3) there was no factual basis upon which the court could accept his plea, (4) he was improperly sentenced as a habitual offender, and (5) he was denied effective assistance of counsel. We find no error and affirm.

FACTS
¶ 2. Madden was indicted in the Harrison County Circuit Court on one count of the transfer of a controlled substance. The indictment alleged that Madden had been convicted of two prior felonies, each with a sentence of three years of imprisonment, and he should be sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). On June 28, 2004, Madden pleaded guilty and was sentenced as a habitual offender to serve fifteen years in the custody of the Mississippi Department of Corrections.
¶ 3. The circuit court denied Madden's motion to receive a free copy of the plea hearing transcript. Madden then filed a motion for post-conviction collateral relief. After a review of the plea petition, the motion for post-conviction collateral relief, and its exhibits, the circuit court found Madden's claims to be without merit and dismissed his motion. We now consider Madden's appeal from that dismissal.

STANDARD OF REVIEW
¶ 4. A circuit court's denial of post-conviction collateral relief will not be reversed absent a finding that the circuit *1234 court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

1. Is Madden entitled to a free copy of his plea hearing transcript?
¶ 5. Madden claims that the transcript of the plea hearing will prove many of his post-conviction collateral relief claims, including the involuntariness of his plea, the lack of a factual basis for the plea, and the fact that he was never advised of the minimum and maximum sentences for the crime charged.
¶ 6. The Court addressed this very issue in Ward v. State, 879 So.2d 452 (Miss.Ct. App.2003). There, Ward was also denied a free copy of his plea hearing transcript and also argued that his plea was not voluntary. Id. at 454(¶ 3). This Court held that "[t]here is no automatic right to a transcript." Id. at (¶ 7). Only after a prisoner's motion for post-conviction collateral relief has withstood summary dismissal under Mississippi Code Annotated section 99-39-11(2) may he be entitled to a transcript. Id. at 455(¶ 7). The issuance of the transcript is then based upon a showing of good cause and is within the discretion of the trial judge. Id.
¶ 7. Here, as in Ward, Madden has "made no allegation of what a transcript would show except that it [is] necessary to support the claims made in his motion for post-conviction relief." Id. at 454(¶ 7). The circuit court determined that the plea petition was sufficient evidence to rule on the merits of Madden's motion for post-conviction collateral relief. Such motion was summarily dismissed by the court; thus, Madden is not entitled to a copy of the transcript. Because the transcript is not necessary to decide this appeal, we now turn to the record to determine whether the circuit court was clearly erroneous in dismissing the post-conviction collateral relief motion.

2. Was Madden's guilty plea voluntarily and intelligently entered?
¶ 8. Madden contends that his guilty plea was not knowingly and voluntarily entered because he was under the influence of medication that severely impaired his judgment and also because he was under the severe emotional stress caused by sickness and death of members of his immediate family. Madden further contends that he was not advised of the maximum and minimum sentences nor the nature of the crime for which he was charged. In response, the State argues that the plea petition, which Madden signed, proves that his plea was voluntarily and intelligently entered.
¶ 9. To support his allegation, Madden states in his motion for post-conviction collateral relief that he never signed any papers or a plea agreement on April 8, 2004. However, such statement is refuted by the signed plea petition contained in the record. Madden offers no evidence to support his claim; thus, we will decide his appeal based on the record before us which includes the plea petition signed by Madden and presented to the circuit court.
¶ 10. A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Such a plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). He must also understand "the maximum and minimum penalties provided by law." URCCC 8.04(A)(4)(b).
*1235 ¶ 11. Madden signed and presented to the circuit court a petition to enter a plea of guilty. The petition clearly states the minimum and maximum sentences to be zero to thirty years for the transfer of a controlled substance. It also states that Madden will be sentenced as a habitual offender and that the sentence will run day-for-day. Madden indicated in the petition that his physical and mental health was satisfactory and that he was not under the influence of any drugs or intoxicants at the time of the document's signing.
¶ 12. Madden's attorney also signed a certificate of counsel which states that he fully explained to Madden the allegations of the indictment and the maximum and minimum sentences the circuit court could impose. It was the attorney's opinion that the plea was voluntarily made and that the defendant was mentally and physically competent and understood the proceedings. The certificate further states that the attorney had no reason to believe that Madden was presently under the influence of drugs or intoxicants.
¶ 13. Madden's argument that his plea was involuntary is contradicted by the plea petition. "The plea petition was not an oral statement in open court, but it was a sworn document presumptively prepared with an appreciation of its fateful consequences." Ward, 879 So.2d at 455(¶ 11). Similar to sworn statements made before the court, it may be used to discredit post-plea allegations. Id. Accordingly, this issue has no merit.

3. Was there a factual basis for Madden's plea?
¶ 14. Madden next argues that the circuit court failed to establish a factual basis for his guilty plea rendering such plea void as a matter of law. He states that the evidence was not sufficiently specific to allow the circuit court to determine whether his conduct was in fact criminal.
¶ 15. "Before the trial court may accept a plea of guilty, the court must determine that ... there is a factual basis for the plea." URCCC 8.04(A)(3). We look to the entire record to determine if such a factual basis exists. Drake v. State, 823 So.2d 593, 594(¶ 5) (Miss.Ct.App.2002) (citing Corley v. State, 585 So.2d 765, 767-68 (Miss.1991)). The mere fact that the factual basis does not provide all the details which may be produced at trial does not render the guilty plea fatal. Id. This Court has held that, "`if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for the plea.'" Id. at (¶ 6) (quoting U.S. v. Hinojosa-Lopez, 130 F.3d 691, 695 (5th Cir.1997) (overruled on other grounds)).
¶ 16. The indictment specifically includes the elements of the crime. The indictment alleges that Madden "did knowingly, wilfully, unlawfully and feloniously, sell or transfer 0.1 grams or more but less than 2.0 grams of Cocaine, a Schedule II Controlled Substance, to Venessa Saucier." In his plea petition, Madden swore that he had been advised of the nature of the charge and that he in fact "sold the cocaine to the undercover officer near [his] home." We find that there was a sufficient factual basis to support his conviction for the sale of cocaine. Thus, this issue has no merit.

4. Was Madden improperly sentenced as a habitual offender?
¶ 17. Madden argues that the State failed to meet its burden of proof because it did not establish his prior convictions beyond a reasonable doubt. Specifically, he contends that he never stipulated to the prior convictions alleged in the indictment, and the judge never asked him about those convictions during the plea hearing. Because Madden claims that he *1236 did not stipulate to the prior convictions, he argues that the prosecution was not relieved of its duty to prove the convictions beyond a reasonable doubt. However, the record before us does not support Madden's allegations.
¶ 18. Madden's plea petition states that he has been convicted of one or more felonies in the past, specifically two convictions for possession of a controlled substance during 1995. Such statement is consistent with the indictment which alleges that he was sentenced to three years for a conviction for possession of a controlled substance and also sentenced to three years for a second conviction for possession of a controlled substance. Further, Madden made the following statement in his plea petition: "I admit my two prior felony convictions as in indictment." The petition states that Madden will be sentenced as a habitual offender and the sentence will be served day-for-day.
¶ 19. After the hearing, the circuit court concluded that "the defendant had been previously convicted twice of felonies upon charges separately brought and arising out of separate incidents at different times and that the defendant was sentenced to separate terms of one year or more in the penitentiary."
¶ 20. To be sentenced as a habitual offender, "[a]ll that is required is that the accused be properly indicted as an habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecution's proof." Keyes v. State, 549 So.2d 949, 951 (Miss.1989) (citations omitted). While Madden correctly asserts that the prosecution must prove the existence of the prior convictions beyond a reasonable doubt, this requirement was negated by his decision to enter a guilty plea. "A guilty plea operates to waive the defendant's... right that the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989).
¶ 21. Because we conclude from the record that Madden knowingly and voluntarily entered a guilty plea and in his plea petition admitted his convictions for the two prior felonies listed in the indictment, we find that the circuit court properly sentenced him as a habitual offender. Thus, this issue has no merit.

5. Was Madden denied effective assistance of counsel?
¶ 22. Finally, Madden asserts that he received ineffective assistance of counsel when he entered his guilty plea. Specifically, he argues that his attorney failed to: (1) pursue a speedy trial violation, (2) inform the court about the circumstance of Madden's two prior convictions, (3) advise Madden of the consequences of pleading guilty as a habitual offender, (4) adequately investigate the charge and establish an affirmative defense, and (5) present mitigating factors to the court before sentencing.
¶ 23. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the *1237 proceeding would have been different." Id. at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995) (citations omitted).

a. Failure to pursue a speedy trial violation
¶ 24. Madden first asserts that his representation was deficient because his counsel did not assert that Madden's right to a speedy trial had been violated. He was arrested on August 16, 2001, indicted on August 26, 2002, and pleaded guilty on June 28, 2004. Madden claims that on counsel's advice, he pleaded guilty instead of pursuing a speedy trial violation despite the fact that there was a 1,030 day delay from his arrest to the day his plea was entered.
¶ 25. Madden fails to prove his representation was deficient because, upon entering a guilty plea, he waived his right to a speedy trial. The supreme court has held that "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial [including] the right to a speedy trial, whether of constitutional or statutory origin." Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991). Therefore, counsel's failure to raise a speedy trial claim did not constitute ineffective assistance. Id. at 392.
¶ 26. Madden signed his plea petition which states that he understood he was waiving his right to a speedy and public trial by jury. Thus, counsel's decision to not pursue a speedy trial violation does not rise to the level of ineffective assistance.

b. Failure to inform the circuit court of the circumstances of Madden's prior convictions
¶ 27. Madden next contends that his counsel was ineffective because of the failure to inform the court of the circumstances surrounding Madden's prior convictions. He claims that he was previously twice convicted for the same crime and those convictions were used to sentence him as a habitual offender. Madden offers no evidence beyond his own statements to prove this allegation. In fact, in his plea petition, he admitted having been convicted of two prior felonies for possession of a controlled substance. Consequently, we do not find that his counsel's failure to inform the circuit court of this claim resulted in ineffective assistance of counsel.

c. Failure to advise Madden of the mandatory minimum sentence and the consequences of pleading guilty as a habitual offender
¶ 28. Madden also claims that his counsel was ineffective by failing to advise him of the consequences of a plea agreement. Specifically, he states that he was never informed of the minimum sentence he could receive, and he was not told his sentence would be without parole or probation. He again argues that he never signed any papers on April 8, 2004, and was never advised about his rights or the consequences of pleading guilty.
¶ 29. Again, Madden offers only his allegations and no other proof to show that his counsel was deficient. The record reflects that Madden signed the plea petition that informed him of the rights that he was waiving by entering a guilty plea. It also clearly informed him of the minimum and maximum sentences for the crime charged, that he would be sentenced as a habitual offender, and that the sentence would run day-for-day. The petition further states that Madden was satisfied with the advice and help he received from his counsel. This evidence refutes his allegations of deficiency on the part of his counsel; *1238 thus, we find that Madden has not met his burden of proving that his counsel was ineffective.

d. Failure to adequately investigate the charge and establish an affirmative defense
¶ 30. Next, Madden claims that his counsel was ineffective by failing to adequately investigate the charge against him and establish an affirmative defense. He claims to have informed counsel of multiple witnesses who were at Madden's home at the time of the alleged crime and could testify that Madden never transferred any drugs.
¶ 31. For failure to investigate to be ineffective assistance of counsel, the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome. Triplett v. State, 840 So.2d 727, 731(¶ 11) (Miss.Ct.App.2002). The only evidence that Madden offers to show what the investigation would have revealed is his own unsworn allegations in his brief. His allegations alone are not sufficient to show that the "knowledge of the uninvestigated evidence would have caused counsel to vary his course." Thomas v. State, 881 So.2d 912, 918(¶ 18) (Miss.Ct.App.2004) (quoting King v. State, 503 So.2d 271, 275 (Miss.1987)). Thus, Madden has not shown that counsel's failure to investigate resulted in ineffective assistance.

e. Failure to present mitigating factors to the circuit court before sentencing
¶ 32. Madden's last allegation of ineffective assistance is based on his counsel's failure to present mitigating factors about his health problems, mental condition, and emotional stress caused by sickness and death among his family members. He claims that his sentence would have been reduced had the judge been aware of these circumstances.
¶ 33. The evidence in the record is contrary to Madden's assertion. The plea petition which he signed and presented to the circuit court stated that his mental health was satisfactory and that he was not under the influence of any drugs at the time he signed the petition and at the time he committed the crime. He offers no other evidence other than his own statement to show that counsel's inaction was deficient. Further, he cannot prove that he was prejudiced in any way by a failure to present mitigating factors. He was sentenced to fifteen years of imprisonment, a term well below the maximum sentence of thirty years that could have been imposed. Madden has shown no proof that the sentence would have been further reduced because of the mitigation factors he now asserts.
¶ 34. Upon review of the record, we find that Madden's claims of ineffective assistance of counsel are without merit.
¶ 35. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.