MAXWELL, J.,
for the Court:
¶ 1. Willie L. Madden Jr. pled guilty in the Harrison County Circuit Court to the transfer of cocaine. Madden filed a mo *412 tion for post-conviction relief (PCR), which the circuit court dismissed. This Court affirmed the dismissal. Madden v. State, 991 So.2d 1231 (Miss.Ct.App.2008). Madden filed a second PCR motion, which the circuit court also dismissed. Finding Madden’s claims are procedurally barred, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 28, 2004, Madden pled guilty to the transfer of cocaine as a habitual offender. The circuit court sentenced him to fifteen years in the custody of the Mississippi Department of Corrections.
¶ 3. On December 13, 2005, Madden filed his first PCR motion. The circuit court denied Madden’s motion, and he appealed. This Court affirmed the denial, finding: (1) Madden was not entitled to a free copy of the plea hearing transcript; (2) there was sufficient evidence of a voluntary and intelligent guilty plea; (3) a factual basis existed for the guilty plea; (4) the State was not required to prove Madden’s prior convictions because of the guilty plea; and (5) Madden received effective assistance of counsel. See Madden, 991 So.2d at 1233 (¶ 1).
¶ 4. On February 13, 2009, Madden filed his second PCR motion entitled “motion for relief and evidentiary hearing.” The circuit judge found Madden had asserted no new grounds for relief, but simply restated the issues from his previous PCR motion. The circuit court dismissed Madden’s second PCR motion.
¶ 5. On appeal, Madden essentially claims the circuit court erred on four grounds: (1) there are no transcripts of his guilty plea, and the court erred by relying on the plea petition to deny relief; (2) evidence supports his claim that he was under the influence of medication at the plea and sentencing hearing; (3) he was unlawfully sentenced as a habitual offender because the court confused him with another Willie L. Madden; and (4) he received ineffective assistance of counsel.
STANDARD OF REVIEW
¶ 6. We review the dismissal of a PCR motion for abuse of discretion. Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009) (citing Billiot v. State, 655 So.2d 1, 12 (Miss.1995)). The circuit court may summarily dismiss a PCR motion “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Id. (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2007)).
DISCUSSION
I. Successive Writ
¶ 7. Implicit in the circuit court’s order dismissing Madden’s PCR motion is its finding that his current motion is successive. The circuit judge found: “Madden does not assert any new grounds for relief. Instead, he simply reasserts the same issues ... previously addressed in his petition for post-conviction collateral relief. This Court as well as the Mississippi Court of Appeals has considered and addressed those issues in previous orders.”
¶ 8. An order dismissing a PCR motion is final and “shall be a bar to a second or successive motion[.]” Miss.Code Ann. § 99-39-23(6) (Supp.2009). The defendant bears the burden of proving by a “preponderance of the evidence that his claims are not barred as successive writs.” Robinson v. State, 19 So.3d 140, 144 (¶ 16) (Miss.Ct.App.2009) (citing Carbin v. State, 942 So.2d 231, 233 (¶ 9) (Miss.Ct.App.2006)). Madden fails to provide any reason that the successive-writ bar should not apply, and we find none. This issue lacks merit.
*413 II. Statute of Limitations
¶ 9. Though the circuit court failed to address the timeliness of Madden’s PCR motion, we find it is also time-barred. PCR petitions must be filed within three years after the entry of a guilty plea. Miss.Code Ann. § 99-89-5(2) (Supp.2009). Madden pled guilty on June 28, 2004. He filed his second PCR motion on February 13, 2009, after the three-year limitation period had expired. Madden fails to present an exception to the time bar. Accordingly, we find his PCR motion was also untimely filed.
¶10. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. CARLTON, J., NOT PARTICIPATING.