GRIFFIS, P.J.,
for the Court:
¶ 1. Willie Lee Madden Jr. appeals the dismissal of his third motion for post-conviction collateral relief. The Harrison County Circuit Court dismissed the motion, finding it was untimely and procedurally barred as a successive writ under Mississippi Code Annotated section 99-39- *1131 23(6) (Supp.2011). Madden argues: (1) he received ineffective assistance of counsel; (2) his guilty plea was involuntary; and (3) his indictment was fatally flawed. We find no error and affirm.
FACTS
¶2. On August 26, 2002, Madden was indicted on the charge of transfer of a controlled substance as a habitual offender. On June 28, 2004, Madden pleaded guilty and was sentenced as a habitual offender to serve fifteen years day-for-day in the custody of the Mississippi Department of Corrections.
¶ 3. On December 13, 2005, Madden filed his first motion for post-conviction collateral relief. The circuit court denied the motion, and this Court affirmed. Madden v. State, 991 So.2d 1231, 1238 (¶ 34) (Miss.Ct.App.2008). The Mississippi Supreme Court then denied certiorari. Madden v. State, 997 So.2d 924 (Miss.2008).
¶ 4. On February 13, 2009, Madden filed a second motion for post-conviction collateral relief. The circuit court denied the motion as untimely filed and procedurally barred as a successive writ. Madden again appealed to this Court, and this Court affirmed the circuit court’s judgment. Madden v. State, 52 So.3d 411, 412-413 (¶¶ 8, 9) (Miss.Ct.App.2010).
¶ 5. On July 2, 2010, Madden filed a third motion for post-conviction collateral relief. The circuit judge dismissed Madden’s motion as untimely filed and procedurally barred as a successive writ. It is from this judgment that Madden now appeals.
STANDARD OF REVIEW
¶ 6. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 7. The circuit court properly dismissed Madden’s motion for post-conviction collateral relief as untimely filed and procedurally barred as a successive writ. Mississippi Code Annotated section 99-39-23(6) bars successive motions made under the Mississippi Uniform Post-Conviction Collateral Relief Act. There are exceptions to this bar:
Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the offender’s supervening mental illness before the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole[,] or conditional release has been unlawfully revoked.

Id.

¶ 8. Here, Madden’s first motion for post-conviction collateral relief was dismissed by the circuit court. The circuit court’s dismissal was affirmed by this *1132 Court on appeal. Madden, 991 So.2d at 1238 (¶ 34). Since his first motion for post-conviction collateral relief, Madden has filed two subsequent motions for post-conviction collateral relief. Because Madden fails to show that an exception listed in section 99-39-23(6) applies, his third motion for post-conviction collateral relief is procedurally barred as a successive writ.
¶ 9. Madden argues the procedural bars should be waived by this Court because his fundamental rights are implicated. There is no merit to his claim. This Court has previously examined Madden’s claims that he received ineffective assistance of counsel and that his guilty plea was involuntary given. Madden, 991 So.2d at 1235, 1238 (¶¶ 13, 34). This Court found Madden’s claims are without merit. Id.
¶ 10. Lastly, Madden claims he was improperly sentenced as a habitual offender because his indictment was flawed. Madden claims his indictment failed to have his correct name. The indictment was amended, however, to state Madden’s name correctly. The general rule is that “a guilty plea waives all defects in an indictment with two exceptions: (1) failure to charge an essential element of a criminal offense and (2) subject matter jurisdiction.” Black v. State, 806 So.2d 1162, 1165 (¶ 5) (Miss.Ct.App.2002). Madden’s claim is waived as a result of his guilty plea. Further, this Court has previously addressed issues with Madden’s indictment and found the issues without merit. Madden, 991 So.2d at 1236 (¶ 21).
¶ 11. Madden’s third motion for post-conviction collateral relief is a successive writ; thus, it is procedurally barred from our review. We also note that the motion is procedurally barred as it falls outside the three-year time limitation under Mississippi Code Annotated section 99-39-5(2) (Supp.2011). Accordingly, the circuit court’s judgment of dismissal is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.