LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On September 9, 2008, Layfun Moore pleaded guilty to one count of attempted sexual battery and one count of fondling of a ten-year-old child. The Coa-homa County Circuit Court sentenced Moore to twelve years on each count, to be served concurrently, with eight years of post-release supervision for the attempted-sexual-battery count and three years of post-release supervision for the fondling count, all to be served in the custody of the Mississippi Department of Corrections (MDOC).
¶ 2. Moore filed a petition for post-conviction relief in the trial court on November 20, 2011. The trial court found the petition to be untimely and dismissed the petition. This appeal followed.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial or dismissal of a petition for post-conviction relief, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Madden v. State, 52 So.3d 411, 412 (¶ 6) (Miss.Ct.App.2011); Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009).
DISCUSSION
I. STATUTE OF LIMITATIONS
¶ 4. Under Mississippi Code Annotated section 99-39-5(2) (Rev.2007), a petitioner who enters a plea of guilty must file his petition “within three (3) years after entry of the judgment of conviction.” Moore pleaded guilty to both counts on September 9, 2008. Therefore, he had until September 8, 2011, to file his petition. Moore did not file his petition until November 20, 2011, seventy-three days late. The trial court found the petition to be untimely.
¶ 5. Moore argues that his petition was untimely because the trial court failed to timely rule on his motion for transcripts. Exceptions to the three-year filing requirement are enumerated in section 99 — 39—5(2)(a)—(b); these exceptions include: (1) an intervening appellate decision, (2) new evidence not reasonably discoverable at the time of trial, and (3) a claim that the petitioner’s sentence has *1087 expired or that his parole was unlawfully revoked. The trial court found that Moore’s claims did not fall within any of these exceptions, and therefore, found Moore’s petition to be untimely. The trial court was not clearly erroneous in its findings.
II. DOUBLE JEOPARDY
¶ 6. Moore correctly asserts that under Rowland v. State, 42 So.3d 503, 506 (¶9) (Miss.2010), “errors affecting fundamental constitutional rights are excepted from the procedural bars of the U[niform] P[ost-]C[onviction] C[ollateral] R[elief] A[ct].” Moore raises a double-jeopardy claim, which involves a possible error affecting a fundamental right. The Mississippi Supreme Court has stated that “the protection against double jeopardy is a fundamental right,” and, therefore, a claim based on this right is not procedurally barred. Graves v. State, 969 So.2d 845, 846-47 (¶ 6) (Miss.2007). When reviewing double-jeopardy claims, this Court applies a de novo standard of review. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
¶ 7. When addressing a double-jeopardy claim, this Court applies the “same elements” test laid out in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Boyd v. State, 977 So.2d 329, 334 (¶ 16) (Miss.2008). Under this test, “even though a defendant may be charged with violation of two separate statutes, we look to see whether ‘each statutory provision requires proof of a fact which the other does not.’ ” Id. (quoting Blockburger, 284 U.S. at 304, 52 S.Ct. 180). For a conviction to withstand the “same elements” test, each offense must “con-taint ] an element not contained in the other.” Boyd, 977 So.2d at 334 (¶ 16).
¶ 8. Moore argues that his right against double-jeopardy was violated because the fondling count and the attempted-sexual-battery count stem from the same incident. Both crimes did occur during the same encounter; however, the elements of fondling and attempted sexual battery are not the same. Under Mississippi Code Annotated section 97-5-23(1) (Rev.2006), fondling occurs when (1) a person above eighteen years old (2) handles, touches, or rubs (3) a child under the age of sixteen years old (4) for the purpose of gratifying lust or indulging in licentious sexual desires. The elements of attempted sexual battery include: (1) the intent to commit sexual battery, (2) an overt act toward committing sexual battery, and (3) failure to commit sexual battery. Miss. Code. .Ann. § 97-1-7 (Rev.2006). Sexual battery is defined by Mississippi Code Annotated section 97-3—95(1)(d) (Rev.2006) as “sexual penetration with ... [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.”
¶ 9. Under the “same elements” test, each count contains an element not contained in the other. Attempted sexual battery does not contain the element of gratification of lust. Furthermore, fondling does not require the element of penetration. Therefore, this issue is without merit.
III. SENTENCING
¶ 10. Moore also raises another possible issue involving the fundamental right to be free from an illegal sentence. Kennedy v. State, 732 So.2d 184, 186 (¶ 8) (Miss.1999) (“[T]he right to be free from an illegal sentence has been found to be fundamental.”). Moore asserts that his sentence is illegal as a matter of law.
¶ 11. “In order for an error related to improper sentencing to be preserved for appeal, there must be an objection made at trial.” Hobgood v. State, 926 *1088 So.2d 847, 857 (¶ 34) (Miss.2006). Moore’s counsel did not object to the sentence at the guilty-plea hearing. Even so, “the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.” Fleming v. State, 604 So.2d 280, 302 (Miss.1992).
¶ 12. Under Mississippi Code Annotated section 97-3-101(3) (Rev.2006), the trial court may sentence a person convicted under section 97 — 3—95(l)(d) to any term less than life, but no less than twenty years. Additionally, the trial court may sentence a person convicted under section 97-5-23 to no more than fifteen years.
¶ 13. For the attempted-sexual-battery count, Moore was sentenced to twelve years, with eight years of post-release supervision. Combined, Moore’s attempted-sexual-battery sentence was for twenty years, which was within the statutory limits. For the fondling count, Moore was sentenced to twelve years, with three years post-release supervision. Combined, Moore’s fondling sentence was for fifteen years, which is within the statutory limits. Therefore, this issue is without merit.
¶ 14. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ„ CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.