GRIFFIS, P.J.,
for the Court:
¶ 1. Lee Walker appeals the dismissal of his motion for post-conviction collateral relief (PCCR). We find no error and affirm.
FACTS
¶ 2. On November 14, 2007, Walker was indicted for statutory rape, in violation of Mississippi Code Annotated section 97-3-65 (Supp.2013). On January 22, 2008, he pled guilty to statutory rape and was sen *213 tenced to ten years, with one year to serve and nine years suspended. On February 6, 2012, Walker’s probation was revoked.
¶ 3. On November 13, 2012, Walker filed a PCCR motion that made three arguments. First, he argued that the charges against him did not constitute a crime under section 97-3-65 because the victim was over the age of sixteen. Next, he claimed that the statute was unconstitutionally vague. Third, Walker argued that, when he pled guilty, he was not aware of the age requirement for the victim of statutory rape. The circuit court found that the motion was time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2013) and dismissed it.
¶ 4. On February 13, 2013, Walker filed a notice of appeal from the final judgment that dismissed his PCCR motion.[1] On April 30, 2013, the circuit court entered an order that limited the appeal to the dismissal of the PCCR motion and limited the record to the matters contained in the motion.
STANDARD OF REVIEW
¶ 5. We will not reverse a circuit court’s dismissal of a PCCR motion unless the trial court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1130, 1131 (¶ 6) (Miss.Ct.App.2011). When reviewing questions of law, this Court’s standard of review is de novo. Id.
ANALYSIS

I. Whether Walker’s PCCR motion was time-barred.

¶6. Walker first argues that the circuit court was incorrect to decide that his motion was time-barred. Since Walker pled guilty, his PCCR motion must have been filed within three years after the judgment of conviction. Miss.Code Ann. § 99-39-5(2). Walker’s judgment of conviction was entered on January 22, 2008. He filed the PCCR motion on November 13, 2012. The motion was not timely filed under section 99-39-5(2) and is therefore time-barred.
¶ 7. Section 99-39-5(2)(a)-(b) provides several exceptions to the time-bar:
[Tjhere has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the PCCR mov-ant’s] conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.... Likewise excepted are those cases in which the [movant] claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
¶ 8. Walker must prove that his ease falls within one of these exceptions. See Miss.Code Ann. § 99-39-5(2). In his motion, Walker alleged that the charge against him did not constitute a crime under section 97-3-65, because the victim was sixteen years of age. Section 97-3-65(1 )(a) makes it a crime for a person seventeen years of age or older to have *214 sexual intercourse with a child who is between fourteen and sixteen years of age, is thirty-six or more months younger, and is not the person’s spouse. Walker also argued that section 97-3-65 is unconstitutionally vague because any reasonable person who reads the statute would conclude that sexual intercourse with a person over the age of sixteen is not prohibited.
¶ 9. These issues do not fall within an exception to the time-bar under section 99-39-5(2)(a)-(b). As a result, we affirm the circuit court’s finding that Walker’s PCCR motion was time-barred.

II. Whether Walker’s guilty plea was voluntary and due-process violations occurred in his probation-revocation hearing.

¶ 10. In this appeal, Walker makes two arguments that were not made in the PCCR motion.
¶ 11. First, he argues that his guilty plea was not voluntarily and knowingly entered. Walker contends that he was uneducated when he pled guilty and that his counsel advised him to plead guilty.
¶ 12. Second, he argues that he was denied his right to due process of law during his probation-revocation hearing. Walker claims that he was entitled to the right to notice of the allegations supporting the probation revocation, the right to counsel, and the opportunity to question adverse witnesses. In the order revoking Walker’s probation, the circuit court stated:
The Defendant being arraigned on the charge alleged in the Petition to Revoke Post[-]Release Supervision filed herein, confesses that he violated his Post[-]Release Supervision. The Court thereupon found that the Defendant is in violation of the terms of his Post[-]Release Supervision, and revokes the Defendant’s Post[-]Release Supervision on the charge of Statutory Rape.
¶ 13. “If a prisoner fails to raise all of his claims in his original petition for post-conviction relief, those claims will be procedurally barred if the petitioner seeks to bring them for the first time on appeal to this Court.” Willis v. State, 17 So.3d 1162, 1166 (¶ 15) (Miss.Ct.App.2009). Because Walker failed to raise these issues before the trial court in his PCCR motion, he cannot raise these issues on appeal.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Walker’s notice of appeal designated as part of the record on appeal all clerk's papers, court transcripts, and exhibits filed or taken in the case; the complaint; the discovery of all evidence; the transcript of the plea entered January 22, 2008; the transcript of the revocation hearing that took place on February 6, 2012; all medical reports or evidence; the document showing the alleged victim's date of birth; all police reports; and all statements made to police concerning the alleged victim.