GRIFFIS, P.J.,
for the Court:
¶ 1. Terrance Barker appeals the dismissal of his motion for post-conviction collateral relief (PCCR). The circuit court determined that Barker’s motion was time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2012). Barker contends that this dismissal was in error. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On or about November 30, 2001, Barker and two other individuals charged into a trailer in Lowndes County, Mississippi. Juan Martinez and Alfonzo Garza were two of the occupants of the trailer. The two other individuals with Barker were armed with a shotgun and a pistol. They pointed their weapons at Martinez and Garza, and they left with approximately $3,000. A witness saw Barker and his two colleagues outside of the trailer and was able to identify them. Based on the witness’s information, the police arrested Barker’s colleagues. Both of them confessed to the crime and identified Barker as being involved with them. They both were willing to testify against Barker in court.
¶ 3. On May 20, 2002, Barker pled guilty to one count of armed robbery pursuant Mississippi Code Annotated section 97-3-79 (Rev.2006). In exchange for his guilty plea, the State agreed to retire Barker’s second count of armed robbery to the file. *136 On May 24, 2002, Barker was sentenced to serve seventeen years in the custody of the Mississippi Department of Corrections.
¶ 4. On July 13, 2012, Barker filed a petition to reduce his sentence and/or withdraw his guilty plea with the trial court. Barker argued that he entered his guilty plea based on erroneous advice from his counsel. The circuit court treated the petition as a PCCR motion and summarily dismissed the motion without an evidentia-ry hearing. The circuit court ruled that the motion was time-barred based on the three-year statute of limitations. It is from this order that Barker now appeals.
STANDARD OF REVIEW
¶ 5. We will not reverse a trial court’s dismissal of a PCCR motion unless the trial court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1130, 1131 (¶ 6) (Miss.Ct.App.2011) (citation omitted). When reviewing questions of law, this Court’s standard of review is de novo. Id. (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
ANALYSIS
¶ 6. The circuit court properly dismissed Barker’s motion as time-barred. The Mississippi Uniform Post-Conviction Collateral Relief Act, in Mississippi Code Annotated section 99-39-5(2), provides:
A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after the entry of the judgment of conviction.
¶ 7. Barker’s motion was filed well beyond the three-year statute of limitations. However, we must determine if Barker’s motion falls within one of the exceptions to the statute of limitations.
¶ 8. Section 99-39-5(2) allows exceptions from this bar where the PCCR movant can show:
[TJhere has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.... Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
The petitioner has the burden of proving his case falls within one of these exceptions. Id. Here, Barker fails to meet this burden. Barker has failed to show any newly discovered evidence or that any of the other exceptions apply. Therefore, we find Barker’s motion to be time-barred. We affirm the circuit court’s judgment that dismissed Barker’s motion.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.