FAIR, J.,
for the Court:
¶ 1. This appeal follows the Oktibbeha County Circuit Court’s summary dismissal of Douglas Davis’s motion for post-conviction relief (PCR). Davis was originally sentenced to serve two years in the custody of the Mississippi Department of Corrections (MDOC) followed by five years of post-release supervision. The court subsequently revoked Davis’s post-release supervision. Davis now raises the following issues: (1) the circuit court had no authority to revoke his post-release supervision for conduct that occurred while he was on earned-release supervision (ERS), and (2) his counsel was ineffective at the revocation hearing for failing to disclose he was on ERS before post-release supervision. We agree that the circuit court could not revoke Davis’s post-release supervision for misconduct that occurred while he was on ERS, but the court did have authority to revoke Davis’s post-release supervision based on an incident that occurred after he was placed on post-release supervision. Therefore, we affirm the judgment of the circuit court.
FACTS
¶ 2. On April 29, 2009, Davis appeared before the Oktibbeha County Circuit Court and pled guilty to uttering forgery. The court accepted Davis’s guilty plea and sentenced him to two years in the custody of the MDOC, followed by five years of post-release supervision. The court ordered Davis’s sentence to run consecutively to a previous sentence he was currently serving. Davis was also ordered to pay $1235.75 in restitution to the victim, along with court costs and a $200 fine.
¶ 3. On November 3, 2011, Davis was reclassified by the MDOC and placed on ERS. He was released from MDOC custody and placed on post-release supervision on August 27, 2012. On September 11, 2012, the State filed a petition to revoke Davis’s post-release supervision. The petition stated the following: (1) Davis owed $440 in supervision fees to the MDOC; (2) Davis tested positive for marijuana use on February 7, 2012, and June 14, 2012, and admitted use on September 5, 2012; and (3) Davis owed $1,743.29 to the Oktibbeha County Circuit Court.
¶ 4. The court held a revocation hearing on October 22, 2012. Davis’s counsel stated that Davis admitted to using marijuana on the three dates listed in the petition. Davis’s counsel also stated that Davis did not have a steady job. The circuit judge revoked Davis’s post-release supervision and ordered him to serve five years.
¶ 5. In his PCR motion, Davis alleged that he was illegally revoked from post-release supervision since he was released early from the prison but was still under ERS at the time he was revoked. The circuit court dismissed Davis’s motion, stating that Mississippi Code Annotated section 47-7-34 (Rev.2011) provides that a “defendant shall be placed under post-release supervision upon release from the term of incarceration.” The judge further concluded that Davis’s post-release supervision began as soon as he was released from confinement, regardless of his early release.
STANDARD OF REVIEW
¶ 6. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears *950 from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2013). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 7. When reviewing the dismissal of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
1. Revocation of Post-Release Supervision
¶ 8. Davis claims that the circuit court erred when it revoked his post-release supervision. Further, he argues that the circuit court had no authority to revoke his post-release supervision for conduct that occurred while he was on ERS.
¶ 9. Davis erroneously stated in his PCR motion that his sentence was revoked while he was on ERS. The record shows that Davis was released on post-release supervision on August 27, 2012. His sentence was not revoked until October 22, 2012. However, an issue remains as to whether the circuit court had authority to revoke Davis’s post-release supervision based on conduct that occurred while he was on ERS.
¶ 10. The circuit judge stated in his order that “post-release supervision starts immediately upon release from confinement whether a defendant is released early or not.” However, this Court recently held to the contrary in Sobrado v. State, 2012-CP-00484-COA, — So.3d -, -, 2014 WL 605675, at *3 (¶ 5) (Miss.Ct. App. Feb. 18, 2014), holding that an inmate on ERS is under exclusive jurisdiction of the MDOC and therefore cannot simultaneously be on post-release supervision. This Court further explained that “[a] circuit court cannot revoke a term of post-release supervision for conduct that occurred while a prisoner is an inmate in the MDOC’s legal custody.” Id. at-, 2014 WL 605675 at *4 (¶ 18) (citing Jones v. State, 97 So.3d 1254, 1258 (¶ 11) (Miss.Ct.App.2012)). Davis was an inmate in the custody of the MDOC until he was discharged from his two-year initial sentence. He remained under the MDOC’s sole jurisdiction when he was released early from incarceration and placed on ERS. See Miss.Code Ann. § 47-5-138(6) (Rev.2011). Therefore, the court had no authority to revoke Davis’s post-release supervision based on misconduct that occurred during ERS.
¶ 11. The record shows that Davis was released on ERS on November 3, 2011. Davis tested positive for marijuana on February 7, 2012, and June 14, 2012. On August 27, 2012, Davis was discharged from the legal custody of the MDOC and placed on post-release supervision. At the revocation hearing, Davis admitted to using marijuana on September 5, 2012. The circuit court has the sole authority to revoke an offender’s post-release supervision for misconduct that occurs when an offender is on post-release supervision. See Miss.Code Ann. § 47-7-34 (Rev.2011). Undoubtedly, the court had authority to revoke Davis’s post-release supervision based on the admitted use of marijuana on September 5, 2012, alone. Therefore, this issue is without merit.
2. Ineffective Assistance of Counsel
¶ 12. Davis argues that his counsel at the revocation hearing was ineffective *951 because he failed to disclose that Davis was on ERS during some of his violations. Specifically, Davis argues this disclosure would have resulted in a different outcome.
¶ 13. To establish ineffective assistance of counsel, Davis must show: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We must assess the totality of the circumstances in determining whether counsel’s assistance was effective. Wiley v. State, 750 So.2d 1198, 1199 (¶ 11) (Miss.1999). And there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052.
¶ 14. At the revocation hearing, Davis’s counsel announced to the circuit court that Davis admitted using marijuana on the three dates cited in the petition to revoke Davis’s post-release supervision. The admission was one of the circuit judge’s reasons for revoking Davis’s post-release supervision. Davis argues that his counsel was deficient in failing to disclose that two of the incidents occurred while he was on ERS. However, the incident that occurred during Davis’s post-release supervision was enough to have his sentence revoked. And Davis has not shown that, but for the alleged error, the outcome of the hearing would have been any different. This issue is also without merit.
¶ 15. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY JAMES, J.