# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00031-COA

**ALBERT CHARLES HICKS A/K/A ALBERT HICKS**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                              **APPELLEE**

DATE OF JUDGMENT:                12/18/2014
TRIAL JUDGE:                     HON. ROBERT WALTER BAILEY
COURT FROM WHICH APPEALED:       LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          ALBERT CHARLES HICKS (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         MOTION FOR POST-CONVICTION
                                 COLLATERAL RELIEF DISMISSED
DISPOSITION:                     AFFIRMED: 02/09/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Albert Hicks pleaded guilty on November 23, 1998, to the sale of cocaine. The circuit court sentenced him to twenty years, with twelve years suspended, eight years to serve, and eight years of post-release supervision (PRS). Hicks served his term and was released from prison.

¶2.     On March 29, 2010, he violated the terms and conditions of his release by selling cocaine. The circuit court revoked his suspended sentence, and ordered Hicks to serve the time remaining on his original sentence. On May 27, 2014, Hicks filed a motion for

correction of an illegal sentence. Hicks contended the circuit erred in sentencing him to eight years of PRS when the statutory maximum is five years. The circuit court treated Hicks's motion as one for post-conviction collateral relief (PCCR) and denied the motion. Hicks now appeals. This Court finds no error and affirms.

## STANDARD OF REVIEW

¶3. "We will not reverse a trial court's dismissal of a PCCR motion unless the trial court's decision was clearly erroneous." *Barker v. State*, 126 So. 3d 135, 136 (¶5) (Miss. Ct. App. 2013) (citing *Madden v. State*, 75 So. 3d 1130, 1131 (¶6) (Miss. Ct. App. 2011)). "When reviewing questions of law, this Court's standard of review is de novo." *Id.* (citation omitted).

## ANALYSIS

¶4. Hicks asserts that the circuit court erred in sentencing him to eight years of PRS. Hicks contends this PRS sentence and his overall sentence exceed the statutory maximums, which constitutes an illegal sentence. The circuit court found Hicks's motion was procedurally barred and Hicks's argument lacked merit. This Court first addresses the procedural bar.

¶5. The circuit court correctly treated Hicks's motion as a PCCR motion. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) applies to "a motion to vacate, set aside[,] or correct the judgment or sentence." Miss. Code Ann. § 99-39-5(1) (Rev. 2015). The circuit court dismissed Hicks's motion as time-barred under the UPCCRA. Section 99-39-5(2) states:

A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

¶6. The circuit court accepted Hicks's guilty plea and sentenced him on November 23, 1998. This gave Hicks until November 23, 2001, to file a motion contesting his original sentence. Hicks, however, did not submit his motion until May 29, 2013, well past the three-year limitation.

¶7. Despite the time limitation, section 99-39-5 does list several exceptions to the three-year time-bar for PCCR motions.

To be exempt, a movant must show one of the following: (1) an intervening decision of the United States Supreme Court or Mississippi Supreme Court; (2) new evidence, not reasonably discoverable at trial; or (3) his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. However, the movant carries the burden of proving that one of the exceptions appl[ies].

*Graham v. State*, 151 So. 3d 242, 245 (¶6) (Miss. Ct. App. 2014) (citation omitted). Hicks fails to prove any of these exceptions apply to his motion. Therefore, Hicks's motion is time-barred. Regardless of this bar, this Court addresses the merits of Hicks's argument.

¶8. Hicks initially argues that his sentence of eight years of PRS violates the statutory maximum. Mississippi Code Annotated section 47-7-34(3) (Rev. 2015) states: "The maximum amount of time that the Mississippi Department of Corrections [(MDOC)] may supervise an offender on the post-release supervision program is five (5) years." Based on this language, Hicks contends his PRS sentence violates the statute.

3

¶9. Our appellate courts, however, have found that "while section 47-7-34 'unquestionably limits to five years the period of time that the MDOC may supervise an offender who is on [PRS], the clear language of the statute does not limit the total number of years of [PRS] to five years.'" *Long v. State*, 982 So. 2d 1042, 1044 (¶9) (Miss. Ct. App. 2008) (quoting *Miller v. State*, 875 So. 2d 194, 199 (¶10) (Miss. 2004)). The Mississippi Supreme Court has recognized that a PRS sentence of more than five years should be interpreted as five years of supervision by MDOC, while "the time period that extends beyond the five-year statutory maximum for [PRS] becomes 'unsupervised' [PRS]." *Johnson v. State*, 925 So. 2d 86, 102 (¶30) (Miss. 2006) (quoting *Sweat v. State*, 912 So. 2d 458, 460 (¶5) (Miss. 2005)). Further, the *Johnson* court clarified that "'unsupervised' merely means that the court would be monitoring [the defendant] during his term of 'unsupervised' [PRS] in lieu of the [MDOC]." *Id.*

¶10. With this distinction in mind, the supreme court in *Miller* held that the defendant's sentence of ten years of PRS meant five years of supervised PRS under MDOC and five years of unsupervised PRS under the court. *Miller*, 875 So. 2d at 200 (¶11). Likewise in *Sweat*, the supreme court found that Sweat's sentence of twelve years of PRS was divided as five years supervised and seven years unsupervised. *Sweat*, 912 So. 2d at 460 (¶6). Accordingly, this Court finds that Hicks's sentence of eight years of PRS was five years of supervised and three years of unsupervised PRS. Therefore, this issue is without merit.

¶11. Hicks also contends that he received an illegal sentence. Hicks argues that his sentence of eight years to serve, twelve years suspended, and eight years of PRS exceeds his

4

twenty-year sentence. Hicks relies on section 47-7-34(1), which states that "[t]he total number of years of incarceration plus the total number of years of [PRS] shall not exceed the maximum sentence authorized to be imposed by law for the felony committed."

¶12. However, section 47-7-34(1) also states that "a court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of [PRS]." "This Court has previously held that: 'Time spent on probation is not included in the calculation of the maximum allowable sentence.'" *Fluker v. State*, 2 So. 3d 717, 719 (¶9) (Miss. Ct. App. 2008) (quoting *Brown v. State*, 872 So. 2d 96, 99 (¶10) (Miss. Ct. App. 2004)). Therefore, this Court finds that because Hicks's eight years of PRS did not count towards his total sentence, his sentence did not exceed twenty years. This issue is without merit, and the judgment is affirmed.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., NOT PARTICIPATING.**