# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00308-COA

TIMOTHY T. HOBSON A/K/A TIMOTHY HOBSON A/K/A TIMOTHY TERRELL HOBSON

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/2016 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY T. HOBSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 03/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

BEFORE LEE, C.J., BARNES AND FAIR, JJ.

BARNES, J., FOR THE COURT:

¶1.     Timothy Hobson, appearing pro se, appeals the Rankin County Circuit Court's dismissal of his motion for post-conviction relief (PCR), which was filed after his probation was revoked for failure to report to his probation officer. He was sentenced to serve the full twelve years of his suspended sentence. Claiming the applicability of Mississippi Code Annotated section 47-7-37 (Rev. 2015), Hobson argues that the circuit court erred in the imposition of his suspended sentence, as this was his first technical violation of probation. Finding no error, however, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    In August 2006, Hobson was indicted in the Rankin County Circuit Court for one count of possession of cocaine and considered subject to enhanced punishment as a second or subsequent offender under the Uniform Controlled Substances Law.  In January 2009, Hobson pleaded guilty to the charge and was sentenced to serve sixteen years in the custody of the Mississippi Department of Corrections (MDOC), with four years to serve, five years of supervised post-release supervision, and seven years of unsupervised post-release supervision.

¶3.    In June 2013, Hobson's probation field supervisor filed a petition to revoke Hobson's probation because Hobson had failed to report since April 2013, and had failed to pay fees and court costs.  An accompanying affidavit and warrant for Hobson's arrest were also filed. Over two years later, on September 15, 2015, Hobson's field supervisor filed a petition to dismiss the 2013 arrest warrant and revocation petition because Hobson had not been located and arrested within thirty days of the warrant's validity, nor had the revocation hearing occurred within thirty days of the warrant's issuance, as required by statute.[1]  The circuit court granted the petitions, and on the same day the field officer filed a new petition for revocation, an affidavit, and an arrest warrant for the same probation violations of failure to report since April 2013, and failure to pay fees and court costs.  On September 18, 2015, copies of the revocation petition and order setting a revocation hearing with Hobson's

---

[1] *See* Miss. Code Ann. § 47-7-37(10).

2

signature were filed, indicating he was in custody on that date. At the revocation hearing on September 28, 2015, the circuit court found Hobson in violation of the terms and conditions of his post-release supervision due to failure to report since April 2013, and revoked his probation.

¶4. In January 2016, Hobson filed a PCR motion to set aside and vacate his sentence and the revocation of his post-release supervision. Hobson argued that failure to report is considered a "technical violation" under House Bill 585, passed into law on July 1, 2014.[2] Hobson also argued that his post-release supervision was illegal because it exceeded five years under section 47-7-37(1). The circuit court dismissed Hobson's PCR motion as time-barred and without merit. Hobson timely appealed.

## STANDARD OF REVIEW

¶5. When an appellate court reviews the circuit court's dismissal of a PCR motion, it "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Davis v. State*, 141 So. 3d 948, 950 (¶7) (Miss. Ct. App. 2014) (citation omitted). Questions of law are reviewed de novo. *Id.*

## ANALYSIS

¶6. Hobson raises three issues: (1) whether his PCR motion was time-barred, (2) whether his post-release supervision was illegally revoked because of a mere technical violation, and

---

[2] House Bill 585, among other matters, amended sections 47-7-2 and -37 of the Mississippi Code Annotated (Rev. 2015) regarding technical violations of probation.

(3) whether his post-release supervision was illegal because it exceeded five years.

¶7. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Hobson's PCR motion was filed approximately seven years after he pleaded guilty in January 2009. Accordingly, unless the motion falls within a statutory exception, it is time-barred.

¶8. Hobson raises two arguments to circumvent the time-bar, but they are without merit. First, Hobson argues the revocation of his post-release supervision and imposition of his twelve-year suspended sentence were improper in light of House Bill 585's amendments to sections 47-7-2(q) and 47-7-37, effective July 1, 2014, which in part established technical-violation procedures and centers in the MDOC. Hobson claims failure to report is merely a "technical violation," and under section 47-7-37(5)(a) as amended, he should have been imprisoned for ninety days in a technical-violation or restitution center operated by the MDOC, instead of having his suspended sentence fully reinstated and served in a correctional facility.

¶9. Both applicable code sections, 47-7-37(5)(a) and 47-7-2(q), were added by House Bill 585, and passed into law, during the 2014 regular legislative session. Section 47-7-37(5)(a) currently states: "If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation . . . ."

4

Section 47-7-2(q) defines "technical violation" as "an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer."

¶10. The State responded that reinstatement of Hobson's suspended sentence was proper, citing Mississippi Code Annotated section 47-7-34(2) (Rev. 2015): "Failure to successfully abide by the terms and conditions [of post-release supervision] shall be grounds to terminate [it] and to recommit the defendant to the correctional facility from which he was previously released." The section states, however, that "[p]rocedures for termination and recommitment shall be conducted in the same manner as . . . the revocation of probation and imposition of a suspended sentence as required [under] Section 47-7-37." Therefore, it appears that the technical-violation provision of section 47-7-37 would be applicable to matters under section 47-7-34(2). The State further claims that because Hobson's revocation order did not specifically state he committed a "technical violation" for failure to report, the revocation of his probation and reinstatement of his suspended sentence were proper. We find this argument incorrect; applicability of the technical-violation punishment cannot be based solely on whether the term is included in the order.

¶11. What neither party cites is section 47-7-37.1, effective April 20, 2015, which states that "[n]otwithstanding any other provisions," if a probationer or person under post-release supervision absconds, "the court may invoke his probation and impose any or all of the sentence. . . . 'Absconding from supervision' means the failure of a probationer to report

5

to his supervising officer for six or more consecutive months." Miss. Code Ann. § 47-7-37.1 (Rev. 2015). Here, Hobson quit reporting to his probation supervisor in April 2013, and absconded until September 18, 2015, which is more than six months.

¶12.    Recently,[3] our Court ruled on a similar case in *Walker v. State,* 2015-CP-00912-COA, 2016 WL 6083239 (Miss. Ct. App. Oct. 18, 2016). There, Demario Walker failed to report monthly to his probation officer for several months, and failed to pay fees. His whereabouts were unknown. The circuit court revoked his probation. Walker filed a PCR motion, which was dismissed. *Id.* at *1 (¶1). On appeal, Walker argued that the circuit court's sentencing of him to serve the full five-year term of his suspended sentence was improper. We agreed, finding Walker's violation of failure to report and pay fees was technical in nature according to the definition set out in section 47-7-2(q). This Court reversed and remanded on the issue of resentencing consistent with section 47-7-37. *Id.* at *4 (¶19). However, this case is distinguishable because of the time frame of Walker's failure to report, which began after the enactment of the technical-violations statute (section 47-7-37 on July 1, 2014), and the revocation of his probation occurred before section 47-7-37.1 became effective, on April 20, 2015.

¶13.    Finally, Hobson argues that his post-release-supervision sentence is illegal under section 47-7-37(1) because it exceeds five years. Section 47-7-37(1) provides that the

---

[3] *Walker* was handed down on October 18, 2016, after the State filed its brief in this case.

6

period of probation is fixed by the court, may at any time be extended or terminated by the court, and shall not exceed five years except in certain cases. Hobson was sentenced to sixteen years in the custody of MDOC – with four years to serve, five years of supervised post-release supervision, and seven years of unsupervised post-release supervision. Accordingly, Hobson had twelve years of post-release supervision, but this is not illegal.

¶14. Mississippi appellate courts have held that "while section 47-7-34 unquestionably limits to five years the period of time that the MDOC may supervise an offender who is on post-release supervision, the clear language of the statute does not limit the total number of years of post-release supervision to five years." *Hicks v. State*, 185 So. 3d 426, 428 (¶9) (Miss. Ct. App. 2016) (citations omitted). Unsupervised post-release supervision means that the court, and not the MDOC, is monitoring the defendant during this time. *Id.* (quoting *Johnson v. State*, 925 So. 2d 86, 102 (¶30) (Miss. 2006)). Further, any time period extending beyond the five years is considered "unsupervised," even if it was not designated as such. *Id.*

¶15. Here, Hobson's sentencing order designated five years of supervised and seven years of unsupervised post-release supervision. Therefore, his post-release-supervision sentence falls within the limits of section 47-7-34 and is legal. This issue is without merit.

¶16. Having failed to prove an exception to the statutory bar, Hobson's motion is procedurally barred; it is also without merit.

¶17. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED.**

**ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**