# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01309-COA

**WALTER HARALSON A/K/A WALTER JETON HARALSON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:           11/09/2023
TRIAL JUDGE:                HON. DEWEY KEY ARTHUR
COURT FROM WHICH APPEALED:  MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     WALTER HARALSON (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: ABBIE EASON KOONCE
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                AFFIRMED - 04/01/2025
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McCARTY AND ST. PÉ, JJ.**

**ST. PÉ, J., FOR THE COURT:**

¶1.     The Madison County Circuit Court revoked Walter Haralson's post-release supervision (PRS) after Haralson failed to report to his probation officer for more than two years. Haralson filed a motion challenging the revocation, which the circuit court treated as a motion for post-conviction collateral relief (PCR). The circuit court summarily dismissed the motion, and Haralson appealed. On appeal, Haralson does not challenge the circuit court's finding that he absconded; instead, he argues that revocation subjects him to a sentence beyond that to which he was originally sentenced. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2016, Haralson pleaded guilty to possessing a firearm as a felon and was sentenced

to ten years in the custody of the Mississippi Department of Corrections, with five years suspended and five to serve, and five years of PRS. In January 2020, Haralson was released and began serving PRS. In November 2021, Haralson's supervising officer filed for an arrest warrant, claiming that Haralson had violated the terms of his PRS by failing to report since March 2020, that he failed to complete a sober-living program as ordered, and that he had not paid court costs.

¶3. At a revocation hearing, Haralson's supervising officer Zerial Kitchens testified that he received a call from Lauderdale County that Haralson may have absconded from PRS. Officer Kitchens pulled Haralson's records to confirm the timing and sought a warrant for Haralson for revocation proceedings. After Haralson was arrested on a misdemeanor charge in Hinds County, Officer Kitchens was able to serve Haralson with the petition to revoke his PRS. Haralson refused to sign the paper to acknowledge its receipt.

¶4. At the hearing, Haralson told the court that he had been kicked out of the sober-living facility in Lauderdale County in April 2020 after being told by the director that he was no longer on probation. Haralson claimed that he tried to meet with his PRS officer even after he left the sober-living facility, but at some point he left Lauderdale County and moved to Hinds County. Haralson claimed he tried to meet with probation and parole employees in Hinds County, but these employees told him they had no paperwork or record of him. He was unable to present any witnesses or documentation to support these claims. Haralson denied trying to abscond or avoid supervision. At the conclusion of the hearing, the circuit court found it was "more likely than not" that Haralson violated the terms of his probation by

2

failing to report since March 30, 2020, and fully revoked his suspended sentence.

¶5.     Haralson filed a timely "Motion to Amend, Petition to Clarify Sentence," arguing that his PRS was unlawfully revoked because his sentence had expired. He also argued that his hearing was held more than twenty-one days after his arrest.[1] The circuit court treated Haralson's filing as a motion for post-conviction relief and summarily dismissed it.

¶6.     Haralson appealed, designating three issues, which he wrote as:

> (1) Whether the Court Erred in Resentencing Appleant [sic] after he was already convicted and begun [his] (10) year Sentence;
>
> (2) Whether the Court Erred to Not "Fact Find" to calculate correct amount of Remainder of Suspended Sentence Appleant [sic] should've been Fully (<u>Never</u> to <u>Return</u>) Revocated to serve;
>
> (3) Whether on PCR motion Court denied PCR in ERROR causing an Eronious sentence. [10 year Sentence taking the Course of 12 years] time sheet shown.

## ANALYSIS

¶7.     The circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2020). Summary dismissal "is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000). We review de novo the circuit court's summary dismissal of a

---

[1] Though Haralson does not raise this as an issue on appeal, we note that the petition Haralson was served with was filed on September 8, 2022, and the revocation hearing was held on September 26, 2022, satisfying the twenty-one-day requirement of Mississippi Code Annotated section 47-7-37(3) (Supp. 2018).

PCR motion, as it is a question of law. *McConn v. State*, 355 So. 3d 779, 782-83 (¶9) (Miss. Ct. App. 2023).

¶8. Haralson's argument on his first and third issues can be boiled down to this: he was sentenced to ten years in 2015 for possessing a firearm as a felon, and his sentence has been completed; thus, the sentence imposed following his revocation hearing is illegal. He notes throughout his brief that the sentence following his revocation hearing was a "resentencing," and he notes that his discharge papers from MDOC show that his sentence would not go beyond 2025. Because the revocation order, as imposed in September 2022, would extend his time served beyond 2025, Haralson argues that the resulting sentence is illegal.

¶9. The circuit court dismissed Haralson's petition, finding that Haralson had violated the terms of his PRS and was sentenced to the remainder of his original ten-year sentence and that the sentence did not exceed ten years total.

¶10. Mississippi Code Annotated section 47-7-37.1 (Rev. 2015) provides:

> Notwithstanding any other provision of law to the contrary, if a court finds by a preponderance of the evidence, that a probationer or a person under [PRS] has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence. For purposes of this section, "absconding from supervision" means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months.

The language of section 47-7-37.1 permitted the court's revocation of Haralson's five-year suspended sentence. In his original sentence for possession of a firearm by a felon, Haralson was sentenced to ten years, with five years suspended and five years to serve, followed by five years of PRS. After serving five of the ten years, Haralson was released and began his five years of PRS. He failed to report under the terms of his PRS for over two years (which

4

he does not deny), clearly meeting the statutory definition of "absconding from supervision."[2] Section 47-7-37.1 empowers the circuit court to impose *any or all* of the remaining sentence, and the court did so, ordering that Haralson serve the remainder of his original ten-year sentence that had been suspended. We find no error.

¶11.    As to Haralson's claim that the circuit court should have calculated the "correct" amount of time remaining on his sentence, it is unclear what Haralson thinks the circuit court should have done to correct his sentence. To the extent Haralson argues facts to support his claims that he was kicked out of the sober-living facility or that he tried to report to probation officers in Jackson, he presented nothing more than his statements at the hearing to support these claims. The circuit court was under no duty to find evidence to support Haralson's claims. And on post-conviction matters, the petitioner bears the burden of proving he is entitled to relief and must provide proof beyond mere assertions in his brief. *Fluker v. State*, 334 So. 3d 160, 162 (¶4) (Miss. Ct. App. 2021).

¶12.    To the extent that Haralson claims he is due to serve less than five years because of "earned time" programs, the application of those credits falls under MDOC's purview, not the circuit court. *See Easterling v. State*, 283 So. 3d 1198, 1200 (¶4) (Miss. Ct. App. 2019). If Haralson is claiming that his two years on PRS should count toward time served, this Court has already rejected similar claims. *See Fluker v. State*, 2 So. 3d 717, 719 (¶9) (Miss. Ct. App. 2008); *Hicks v. State*, 185 So. 3d 426, 428 (¶12) (Miss. Ct. App. 2016).  The circuit

---

[2] Haralson does not challenge the circuit court's finding at his revocation hearing that he had absconded from supervision, which is supported by Haralson's statements at the hearing and Officer Kitchens's testimony.

court's order stated that Haralson was to serve the remainder of his original sentence; it is up to MDOC to determine the remainder.

## CONCLUSION

¶13.    Because Haralson did not report to his probation officer for more than six months—a finding he does not challenge—his probationary status was revoked, and he was ordered to serve the remainder of his original ten-year sentence. His total sentence does not exceed ten years and is not otherwise illegal. Haralson was not entitled to post-conviction relief.

¶14.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR.**